UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 49,<br><br>Plaintiff,<br><br>v.<br><br>FENCE CONNECTION INC.<br><br>Defendant. | Case No. 1:18-cv-1023-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on Plaintiff's Motion for Default Judgment (Docs. 4). For the reasons explained below, Plaintiff's Motion is GRANTED.

### BACKGROUND

On January 22, 2018, Plaintiff filed a "Complaint for Enforcement of Arbitration Award" ("Complaint") against Defendant Fence Connection, Inc. (Doc. 1). The Complaint alleges that Fence Connection entered into a Collective Bargaining Agreement (the "Agreement") with Plaintiff on July 19, 2013, "under which Defendant adopted and agreed to be bound by the terms and conditions of an agreement between Plaintiff and Associated General Contractors of Illinois dated April 1, 2009, which, by its express terms, renewed on April 1, 2014 and April 1, 2017." *Id.* ¶ 3. According to Plaintiff, the Agreement required Defendant to request referral to potential employees from Plaintiff. *Id.* ¶ 4. Fence Connection requested referral of an individual to perform work as an operating engineer and Plaintiff

1

referred Charles Bensel. *Id.* Fence Connection employed Bensel under the terms of the Agreement, and it was required to pay him wages and fringe benefits as set forth in the Agreement. *Id.* ¶ 5. Plaintiff alleges that Defendant failed to make timely payment of wages to Bensel. *Id.* ¶ 6.

As set forth in the Agreement, a dispute between Plaintiff and Defendant was submitted to a labor management grievance committee on May 31, 2017. *Id.* ¶ 8. On September 22, 2017, the grievance committee rendered its decision and issued an award for Plaintiff in the sum of $2,272.35. *Id.* ¶ 9. Fence Connection was served with a copy of the committee's decision on September 25, 2017, (Doc. 1-1), but Defendant has failed to comply with the award in violation of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *Id.* ¶¶ 1, 10-12.

The docket in this case reflects that the Defendant's registered agent, Juan Escobar Jr., was served a Summons and copy of the Complaint on February 27, 2018. (Doc. 3). The Defendant's answer or otherwise responsive pleading was due on March 20, 2018. Defendant has failed to plead or otherwise respond at all in this case. As a result, Plaintiff filed a Motion for Default and Default Judgment on June 13, 2018. (Doc. 4). The Clerk of Court entered default on June 29, 2018. Plaintiff requests the Court enter judgment confirming the award of the committee and directing Fence Connection to make payment of $2,272.35 payable to Plaintiff, and that Plaintiff recover its reasonable attorney fees and costs incurred in the sum of $1,331.50. *Id.* ¶ 2.

## DISCUSSION

With the enactment of section 301 of the LMRA, "Congress intended to create a uniform body of federal law to govern the enforcement of collective bargaining agreements." *Evans v. Einhorn*, 855 F.2d 1245, 1250 (7th Cir. 1988). "With regard to arbitration provisions in collective bargaining agreements," Section 301 "'authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements and includes within that federal law specific performance of promises to arbitrate grievances under collective bargaining agreements.'" *Id.* (quoting *Textile Workers Union v. Lincoln Mills of Alabama,* 353 U.S. 448, 450-51 (1957)).

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default was entered on June 29, 2018. Accordingly, Defendant is liable to Plaintiff under 29 U.S.C. § 185 based on its failure to timely pay wages to Plaintiff as required by the Agreement, as alleged in the Complaint.

While liability may be established from the well-pleaded facts of the Complaint, Plaintiff must still show it is entitled to the amount of damages it seeks. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing on damages unless the amount of damages claimed is "capable of

3

ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id.* These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The grounds for default judgment are clearly established in this case. Plaintiff requests damages in the amount of $2,272.35 and attorney fees and costs in the amount of $1,331.50. (Doc. 4 at 2). To support its damages figure, Plaintiff has submitted an affidavit from Anthony O'Brian, a Business Agent for Plaintiff. (Doc. 4-2 at 1). O'Brian testified to the truth of the allegations in Plaintiff's Complaint: that Fence Connection entered into the Agreement with Plaintiff on July 19, 2013 and a successor agreement on April 1, 2017; that Plaintiff referred workmen to Fence Connection who earned wages and benefits as provided in the Agreement; Fence Connection failed to pay the wages and benefits as required; that O'Brian filed a grievance under the Agreement's procedure, a hearing was held on May 31, 2017, and an award was rendered in Plaintiff's favor in the amount of $2,272.35; and that Defendant has failed to pay the award. *Id.* at 1-2. Plaintiff also attached a copy of the decision issued by the grievance committee showing that Plaintiff is entitled to an award of $2,272.35. (Doc. 1-3). The Court has reviewed the aforementioned materials, and has determined that Plaintiff has adequately supported its damages request with documentary evidence. Defendant owes a total of $2,272.35 to Plaintiff for unpaid wages and benefits.

Plaintiff also submitted an affidavit in support of attorney fees from David W. Stuckel, an attorney with the law firm of Harvey & Stuckel, Chtd., which represents

Plaintiff. (Doc. 4-1). The affidavit is accompanied by an itemization of attorney hours worked on this matter, the hourly rate at which the attorneys worked, and the amount of costs incurred. *Id.* at 3. Plaintiff's attorneys charged $195.00 per hour for .7 hours and $210.00 per hour for 3.5 hours, for a total of $871.50 in attorney fees. *Id.* They also incurred $460.00 in costs, for a total of $1,331.50 in total fees and costs. *Id.* The Court finds the rate charged by Plaintiff's counsel is a reasonable hourly rate.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. 4) is GRANTED. Plaintiff is AWARDED $2,272.35 in unpaid wages, and $1,331.50 in attorney fees and costs.

The Clerk is directed to ENTER default judgment against Defendant in the total amount of $3,603.85.

CASE TERMINATED.

Entered this 19th day of July, 2018.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
